**98** Matter of Corrao *v.* Independent Order Sons of Italy.

First Department, February, 1924. [Vol. 208

---

In the Matter of the Application of Francesco Corrao, Individually and as an Officer of Lodge San Joseph Iato, Appellant, for an Alternative Mandamus Order against Independent Order Sons of Italy, Respondent.

First Department, February 8, 1924.

Mandamus — application for alternative mandamus order to compel respondent to reinstate petitioner and his lodge as members of respondent fraternal order — respondent amended by-laws increasing dues of member lodges — respondent, claiming that petitioner's lodge failed to pay certain of such dues, removed said lodge from membership without trial or special notice — constitution of respondent provides for trial for offense of non-payment of dues — conflicting evidence as to whether petitioner's lodge paid dues raises question for jury — alternative mandamus order granted.

An alternative mandamus order to compel the respondent, a fraternal benefit order, to reinstate the petitioner and the lodge of which he is an officer as members of the respondent should be granted, where it appears that after the respondent had amended its by-laws to provide for an extra assessment of dues from each lodge, the petitioner's lodge was removed from membership in the respondent upon a charge of non-payment of certain of such dues, without trial or special notice, and where it further appears that the constitution of the respondent specifically grants to a lodge the right of trial for an offense of non-payment of dues, and that the evidence as to whether the petitioner's lodge paid such dues is conflicting.

Appeal by the petitioner, Francesco Corrao, from an order of the Supreme Court, made at the New York Special Term and entered in the office of the clerk of the county of New York on the

17th day of August, 1923, denying his application for an alternative mandamus order to compel the respondent to reinstate the petitioner and the Lodge San Joseph Iato as members of the respondent.

*Francis M. Testa*, for the appellant.

*Jerome J. Licari*, for the respondent.

MERRELL, J.:

The respondent, Independent Order Sons of Italy, is a domestic membership corporation organized for the alleged purpose of aiding its members by the payment of certain sick or death benefits. The petitioner, Francesco Corrao, was an officer of Lodge San Joseph Iato, which became a member of the order in June, 1911. On or about May 29, 1922, the supreme lodge of the order amended the by-laws at a convention held in the city of Philadelphia. The amendment provided for the payment by each lodge of one dollar per month as an extra assessment of dues. Several lodges seem to have objected to this extra assessment.

An action was brought in behalf of Scarlata Lodge, one of said lodges, against Independent Order Sons of Italy, and an application was made for an injunction *pendente lite*. The Special Term held that the by-laws as amended were not oppressive or harsh, and denied the application. Lodge San Joseph Iato, however, continued to object to the extra assessment of dues and made no payments until June 6, 1923, at which time the dues are claimed to have been paid by one John Cipollina who was a supreme delegate elected to represent the lodge at a convention of the order held in June, 1923. The respondent admits that Cipollina made payment of these dues, but alleges that he paid the dues out of his own money, and that thereafter resolutions were passed by Lodge San Joseph Iato repudiating the payment made by Cipollina and preferring charges against him for making such payment. The petitioner, however, insists that Cipollina made the payment out of money belonging to the lodge. On June 30, 1923, a resolution was passed by the supreme council which sets forth the fact that Lodge San Joseph Iato had failed to pay certain of the aforesaid dues and had repudiated the payment made by Cipollina, and striking the name of the petitioner's lodge from the rolls. It is claimed by the petitioner that such action has deprived Lodge San Joseph Iato of all its former privileges and has also deprived every member thereof of benefits to which each member was entitled under the by-laws, and that such lodge and the members thereof have been unjustly deprived of such rights and without a trial. The respondent claims that the constitution does not provide for trial for the offense of non-payment of dues. It

seems to me, however, that articles 3 and 4 of chapter 5 specifically grant to the lodge the right of trial.

After the resolution of June 30, 1923, was passed, the supreme council returned to Cipollina the money which he had paid. There seems, therefore, to be a dispute respecting whether or not the Lodge San Joseph Iato is actually in default and has actually failed to make payment of the aforesaid dues in the manner provided for in the amended by-laws. It is admitted that the lodge had no trial or special notice of the action taken by the supreme council on June 30, 1923. If, indeed, Cipollina paid the dues for and in behalf of the lodge, the action of the supreme council on June 30, 1923, was wholly uncalled for. It is admitted by the respondent that the money paid by Cipollina had not then been returned, so that there seems to be a question of fact which should be tried by a jury.

The order appealed from should be reversed, with ten dollars costs and disbursements, and the motion for an alternative mandamus order granted, with ten dollars costs.

CLARKE, P. J., DOWLING, SMITH and MCAVOY, JJ., concur.

Order reversed, with ten dollars costs and disbursements, and motion granted, with ten dollars costs. Settle order on notice.